**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LORETO CEREZO and NIDA CEREZO, ) | Case No.: 13-1540 PSG |
| ) | |
| Plaintiffs, ) | **ORDER GRANTING DEFENDANTS'** |
| v. ) | **MOTION TO EXPUNGE LIS** |
| ) | **PENDENS** |
| WELLS FARGO BANK, N.A., et al, ) | |
| ) | **(Re: Docket No. 17)** |
| Defendants. ) | |
| ) | |

In this foreclosure-related action, Defendant Wells Fargo, N.A., et al, ("Wells Fargo") requests that the lis pendens that Plaintiffs Loreto and Nida Cerezo ("Plaintiffs") recorded in Santa Clara County after initiating this suit be expunged.[1]  Wells Fargo also requests attorneys' fees incurred in bringing this motion.  Plaintiffs likewise seek attorneys' fees for having to oppose the motion.  Having considered the parties' papers, the court GRANTS the motion to expunge but DENIES the attorneys' fees requests.

The court provided the background for this case in its motion granting-in-part Wells Fargo's motion to dismiss and so refers unfamiliar readers to that order for the factual allegations

---

[1] *See* Docket No. 17.

1

Case No.: 13-1540 PSG
**ORDER**

underlying this suit.[2] Turning directly to the matter at issue, when determining the propriety of expunging a lis pendens, the court must look to California law.[3] Cal. Civ. P. Code. § 405.20 states that "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." But "[a]t any time after notice of pendency of action has been recorded, any party . . . may apply to the court in which the action is pending to expunge the notice."[4] "[T]he court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim."[5]

The court must engage in a two-step process by first determining whether any of the claims involve "real property" and second whether any of the claims are probably viable.[6] "The party who recorded the notice of lis pendens bears the burden of proof in opposing expungement."[7] Cal. Civ. Proc. Code § 405.38 provides that the court "shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs in making or opposing the motion unless the court finds that the other party acted with substantial justification."

Wells Fargo asserts that Plaintiffs failed to state any cause of action sufficiently, and as a result the lis pendens should be expunged. The court has determined, however, that the wrongful foreclosure claim passes muster, and since the wrongful foreclosure action "is a claim which would

---

[2] *See* Docket No. 33.

[3] *See* 28 U.S.C. § 1964.

[4] Cal. Code Civ. P. § 405.30.

[5] *Id.* § 405.32.

[6] *See Christiansen v. Wells Fargo Bank*, Case No. C 12-02526 DMR, 2012 WL 4716977, at *10 (N.D. Cal. Oct. 1, 2012).

[7] *Sencion v. Saxon Mortg. Servs., Inc.*, Case No. C 10-3108 SBA, 2012 WL 1355691, at *4 (N.D. Cal. Apr. 17, 2012).

2
Case No.: 13-1540 PSG
**ORDER**

affect the title to, or right of possession of, the property at issue"[8] it suffices as a "real property claim."[9]  Even though the first prong may be satisfied, Plaintiffs have not made a sufficient showing under the second prong.  They have not offered any evidence, and in fact offer only the allegations in their complaint, to show that their wrongful foreclosure claim is "probably viable."[10]  Because Plaintiffs have not offered evidence to show by a preponderance of the evidence that their cause of action is viable, the court GRANTS Wells Fargo's motion to expunge the lis pendens.

Given that the wrongful foreclosure claim survived the motion to dismiss, the court finds that Plaintiffs were at least substantially justified in filing the lis pendens and so Wells Fargo's request for fees is DENIED.  Because Wells Fargo prevailed on its motion to expunge, the court DENIES Plaintiffs' request.

**IT IS SO ORDERED.**

Dated:  August 9, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[8] *Id.*; *see also* Cal. Code Civ. Proc. § 405.4 ("'Real property claim' means the cause or causes of action in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property.").

[9] *Id.*

[10] *See Hunting World, Inc. v. Super. Ct.*, 22 Cal. App. 4th 67, 70 (1994) ("Good faith and a proper purpose are no longer sufficient to maintain notice of lis pendens.  The claimant must show a probably valid claim.").

3

Case No.: 13-1540 PSG
**ORDER**